MOLLIE BERKEMEIER v. EDWARD PETERS, Executor of the Estate of WILLIAM PETERS, Appellant.

Division One, November 23, 1904.

APPELLATE JURISDICTION: Amount in Dispute: Title to Real Estate. In a suit by a legatee for a partial distribution of the personal estate bequeathed by the residuary clause of the will, where the judgment is that the executor pay plaintiff $3,500, and from that judgment the executor appeals, "the amount in dispute" is $3,500, and therefore the appeal is to the proper Court cf Appeals. An attempted showing, by way of defense or set off, that the testator executed a deed to plaintiff's husband for certain land, which was not delivered in his lifetime, but which was delivered by the executor under an agreement with plaintiff that as a consideration for the deed the plaintiff's distributive share under the residuary clause was to be decreased by $3,000, does not so involve title to real estate as to give the Supreme Court jurisdiction over the appeal.

Appeal from St. Charles Circuit Court.—*Hon. E. M. Hughes*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Charles J. Walker* and *Norton, Avery & Young* for appellant.

*Theodore Bruere & Son* for respondent.

MARSHALL, J.—This case originated in the probate court of St. Charles county. It is a motion, under section 240, Revised Statutes 1899, for a partial distribution of the personal estate of the deceased.

The plaintiff is a daughter of the deceased, and under the seventh clause of the testator's will the residuum of the estate, after the payment of the debts and certain specific legacies, is devised to the seven children

of the testator. It appears that more than five years had elapsed after the letters were granted before this action was begun, and that there were no more debts of the estate to be paid. It also appears that the executor had paid each of the other five legatees, in round numbers, three thousand dollars on account of their distributive shares of the estate, and had paid to himself, as a legatee, the sum of forty-one hundred dollars, aggregating $19,225.10, and that he had in his hands for distribution at the time of the trial in the circuit court, the sum of about forty-five hundred dollars. It also appears that the executor is entitled to $1,777.38 as commissions, which have not been paid. The defense is that the testator had executed a deed to certain lands, to Benjamin Berkemeier (referred to in the case reported at page 393 of this volume), which had not been delivered to him at the date of the death of the testator, and that while the consideration for the deed was expressed therein to be one dollar and love and affection, the fact was that Ben Berkemeier was to pay the testator three thousand dollars for the land and that this not having been paid, the deed was not delivered, but that after the testator's death, the executor of the estate agreed with Ben Berkemeier and his wife, the plaintiff herein, to deliver the deed to Ben, upon condition that his wife, the plaintiff herein, would apply her distributive share of the estate to the payment of the three thousand dollars, and when the exact amount to which she would be so entitled should be ascertained she would execute a receipt to the executor therefor, and that for that reason she had been paid nothing out of the estate, but that after the deed was delivered to Ben, she refused to execute such a receipt. The evidence adduced for the defendant tended to show that such was the fact. But the plaintiff herein denied that any such arrangment or agreement was ever made.

The probate court ordered the executor to pay the plaintiff $2,700, on account of her distributive share.

The executor appealed to the circuit court, where, upon a trial anew, that court ordered the executor to pay the plaintiff $3,500, and from this order the executor appealed, and the appeal was allowed to this court.

## I.

*Jurisdiction.*

The judgment is for thirty-five hundred dollars. The defendant appealed. Therefore, the amount involved in this case is only thirty-five hundred dollars. The plaintiff claims no more, and has acquiesced in the judgment in her favor for that amount. The only question now in the case is whether the plaintiff shall have thirty-five hundred dollars or nothing. If the judgment is affirmed the plaintiff will only recover thirty-five hundred dollars. If the judgment is reversed, it could only be upon the ground that the plaintiff is either entitled to nothing or at best to a sum less than thirty-five hundred dollars. No other question is involved which would bring this case within the appellate jurisdiction of this court. The amount involved is below the jurisdiction of this court, and the St. Louis Court of Appeals has jurisdiction of the appeal. The fact that this court has jurisdiction of the action concerning the land, does not give it jurisdiction of this case.

For this reason the cause is transferred to the St. Louis Court of Appeals. All concur, except *Robinson, J.,* absent.